All right, our next case is number 18-1216, Affiliated Western, Inc. v. Secretary of Veterans Affairs All right, our next case is number 18-1216, Affiliated Western, Inc. v. Secretary of Veterans Okay, Mr. Sanderford. Good morning. May it please the Court, Affiliated Western was terminated for fault for failure to make progress on a VA hospital renovation project in 2014. Therefore, this is a Lisbon case, and the standards applicable to Lisbon should be applied to the VA's determination respective to its merits. Under Lisbon, the government must have a correct understanding of the remaining work and the time remaining to perform and complete that work. It's AWI's contention that the contracting officer utilized an incorrect completion date of July 30th, 2014, to make its default termination. Therefore, the government failed to satisfy its burden of proof under Lisbon. AWI... So what the board said was that your client didn't make a proper request for a time extension to the contracting officer that would include a critical path analysis. And what's the answer to that? Your answer, I guess, is that a critical path analysis wasn't required. Yes, Your Honor. Quite honestly, we've focused our appeal around a contractual basis for a time extension that we believe is justified as a result of the combination of a unilateral change order number four and what is the solicitation amendment number six to the contract. When did you actually make a time extension request to the contract officer? Your Honor, AWI requested in excess of 150 days prior to being terminated. It was the VA's position... Where do we find the time extension request that satisfies the contract requirement? Right. There was no critical path analysis type formulated request. That is correct. Okay. Was there a request that said we're entitled to 129 days automatically under the contract when you give us an extension for phase one and two? Your Honor, there was a request for up to 169 days. So in excess of the 129 days. I don't know if it was couched in terms of a contractual right in conjunction with the unilateral change order which was issued by the government that granted AWI the 129 days. Where do we find the, what is it, 169 days? What did you say? Yes, Your Honor. It's a combination of serial letters between... Where do we find it in the appendix? I don't have the page references to those at hand. Your Honor, the point of, or the primary point of the appeal was to suggest that unilateral change order number four which extended the contract, which extended phase number two, 129 days to March 12th, 2014. As a matter of right, as a matter of contract right, should have resulted in a corresponding extension to the contract completion date. And our argument is that the only way that the phase three, the contractually mandated and specified phase three durations could be maintained was by an extension of the contract. And this is best illustrated by reference to appendix 3221 which graphically sets out the four sequential phases. The board found that the phases were sequential which is to say the completion of phase one and phase two was a predecessor activity to the start of phase three. And so by contract, the phases were set up in essence on a critical path basis. And so when the government extended phase two for 129 days, 18.4 weeks, and if it failed then to extend the contract, then what it did, it swallowed the entire 18 weeks of phase three that was identified in the contract. And this appendix 3221 clearly exemplifies that because you can see under phase two if you... It sounds to me as though you've come up with a theory either before the board or here or both that wasn't presented to the contracting officer. Well, perhaps it wasn't presented in that form to the contracting officer before the termination for default. But if it's a matter of contract right, it didn't need to be necessarily presented to the contracting officer before default. In fact, it's our position that the contracting officer should have recognized that a contractual completion date of July the 30th was unreasonable under the circumstances because it allowed the contractor one day to complete phase three after the time extension of phase two. And so on its face, it was unreasonable then to judge AWI's progress under the Lisbon standard based on this truncated completion date of July the 30th. So the government's position claims that under a totality of the circumstances that even if they incorrectly utilize the July 30th, 2014 date, it nevertheless has a right to have the default sustained based on this totality of circumstances. And we believe this is contrary to the Lisbon standard to the McDonnell-Douglas standard in 2003 which reaffirmed Lisbon. Because the government is still required to evaluate a failure to make progress, termination for default, against the correct time remaining for performance. And these other factors that the government raised in its brief such as the subcontractor problem that it encountered, the performance of phase two that it was behind in phase two, these are factors to be considered in making the Lisbon determination. And in fact, under the underlying board, followed the Lisbon standard except in that it failed to consider the legal effect of unilateral change order number four on the completion date. If the government can issue unilateral change order number four for 129 days extending the completion date of phase two and yet not extend or not maintain the 18-week stipulated time period for phase three, then the government in this case is being allowed to eliminate 18 weeks from the schedule and terminate AWI for default on a shorter unilaterally truncated schedule. In other words, the government by virtue of unilateral change order number four granted 18 weeks to complete phase two and then took it out of phase three. Literally, that was the effect of change order number four without a corresponding time extension. And in fact, I'm not sure that time extension is the right term to use. AWI simply contends that by contract, they were allowed to maintain the phase durations for phase three which was 18 weeks and phase four which was four weeks, a total of 22 weeks. And what the VA evaluated AWI's failure to make progress under Lisbon was a truncated phase three and phase four from 22 weeks down to seven. So, we believe that that was on its face unreasonable for the contracting officer to have done that. So, it really from AWI's perspective, it's not necessarily a time extension issue and a determination of whether AWI followed the specification requirements for a critical path analysis time extension request. The position is simply AWI was entitled to maintain the 18 week duration for phase three and the four week duration for phase four after unilateral change order number four was issued. And with that, your honor. Now, you're not arguing, I guess, that there was a misapprehension on the part of AWI as to what the final date was, right? You're not arguing that AWI may have understood that the date was not extended. They nonetheless had a legal right to the additional days. Your honor, that is certainly correct. I mean, there's various pieces of correspondence here in the record that indicate that AWI understood that even the extension of the period of time for phases one and two did not extend the time. There's like appendix 905, a letter from AWI saying we've revised the schedule for phases, is that phase one and phase two, but we expect we will now be able to still be able to complete the job by the completion time of July 30th, I guess it was. Yeah. Your honor, that AWI never took the position that after the phase two extension, that it could still complete the totality of the work by July 30th. Well, this is a letter that deals with what looks to me like, and I don't have the reference to the request, but a request, this is a December 19th, 2013 letter saying that the, here's the revised schedule number two, which I take it and extended the periods for milestones one and two, but nonetheless says we will finish by July 30th. The, what everybody understood to be roughly the finishing time. So, your honor, that correspondence in chamber number four. I understand that. And so, at that point in December, the parties were still hoping to maintain a July 30th completion date. Notwithstanding that the milestone number one, phase one and phase two had been extended. That is correct. So, the understanding of AWI was that the extension of mod, not mod, but of phase one and phase two did not affect the final completion date. That is correct in part. However, the correspondence in December did not result in any formal modification to the schedule or to the party's contract. But the problem is, I don't see where you asked for the 129 days on some theory that there was an automatic contract extension. I don't even see where you actually asked for a formal time extension at all. And you said, well, I can't, I don't, can't tell you where it is in the record. But if I, if you can't show it to me, I have to assume it's not there. Well, your honor, number one, regardless of, of the formality of the time extension request, there's been no suggestion, certainly no finding by the lower, by the board. I mean, surely you agree that you have to make a time extension request, don't you? To go to the board? Well, this was a, this was a, a challenge to a termination for default. And certainly, AWI still had the ability, the connection with that. But you can't complain about the failure to give a time extension request. From the burden, from the shifting burden of proof on, under Lisbon, AWI still had the opportunity to demonstrate that any delays were excused, regardless of whether or not it had presented a formal time extension request prior to the termination. And, and so, but again, it's a different species of time extension. It's not really a time extension request. It is the belief that under the contract, I, AWI was entitled to the 18 weeks stipulated for phase three. And that that's the rightful application and interpretation of the contract. And if AWI was entitled to the full 18 weeks of phase three, and the full four weeks of phase four, then the government utilized an incorrect completion date by which to gauge AWI's progress. Regardless of whether AWI asked for the extension or not is your position. That is, as a matter of law, the extension applied, even if AWI never breathed a word to the government about its expectations, or even if it didn't have an expectation that there would be an extension. That's your position, right? But it, I don't think the distinction... Just to make sure I understand, that's your position, right? That is part of the position. Yes, Your Honor. What support do you have for that? Excuse me, Your Honor? What case support do you have for that? Your Honor, this is a very unique set of facts because of... Is the answer none? No, it's not. The case law is the contract interpretation principles that would demonstrate, and we believe we've demonstrated in our briefing, that would say AWI was entitled, as a matter of law, to retain the phase three and phase four durations. It is a contract interpretation right, or a principle that says, under the contract, we had a right to those 18 weeks, and we had a right to the four weeks. What's the legal authority, you can point us to, that stands for that proposition? That when one portion of the contract is extended, it automatically extends the final completion date? Right. We're not suggesting that that's the case here. What we're stating is, under the contract, AWI was entitled to 14 weeks to perform phase one, two weeks to perform phase two. The government was entitled to two weeks of move in and move out after phase two. Then the contract said, AWI was entitled to 18 weeks to complete phase three. Then the contract says, the government is entitled to two weeks move in, move out between phase three and phase four. And in this case, when the government issued change order number four, without recognizing that, they unilaterally deleted the 18 weeks of phase three, effectively, and then terminated AWI for default on this truncated schedule. Okay, I think we're out of time. We'll give you two minutes for a vote. Thank you. May it please the court. The board correctly found, in accordance with bar 52.24910, that termination for default was justified by the facts and circumstances. Because AWI had failed to adequately assure the contracting officer that they could diligently and timely complete the work. The board summarized its conclusion in its opinion on reconsideration. And it stated there that AWI was approximately three weeks behind schedule for phase two, with 50 percent of the work completed for phase two, and had fallen behind on both phases one and two. And that AWI had created uncertainties with regard to its mechanical subcontractor. The problem is that the board considered the completion date to be the original completion date, rather than what they claimed was a completion date extended by 129 days. So the board's not, correct me if I'm mistaken about this, I don't see that the board made a determination that if there were 129 day extension, that they couldn't complete it within 129 days, right? The board found that there was a failure to give... Correct. Correct. But the board also focused, and it was the primary basis of its decision, that there was a failure to provide adequate assurances to the contracting officer. I don't understand what, I mean, that decision only makes sense if you are dealing with the original completion date. We are dealing with the original completion date, but we're dealing... That's the question. The question, the whole argument here is whether they were automatically entitled 129 days. Yes. Because the board's decision can't very well stand if they were automatically entitled 129 days of extra time, right? It's our contention that it still stands because there was a failure to provide adequate assurances. That's what the board found, and it credited the testimony... That's all in the context of the original completion date. Yes, that's correct, but here there's a failure to provide adequate assurances, and so the case really controls here... Well, but the adequacy of the assurances, and I'm really just asking the same question that Judge Dyke did with different words, is the adequacy of the assurances depends, does it not, on how long the contractor had left to do the work? If the contractor had had three years to do the work, assurances might have been adequate, but if they had three weeks, they wouldn't have. So doesn't the completion date, isn't that a critical part of determining whether the assurances were adequate or not? Yes, it is a critical part. Right, so it all turns, does it not, on this completion date issue because I... It's hard for me to see how we could say, well, the plaintiff may well be right about the completion date, but nonetheless, there were not adequate assurances of completion where the board was making a determination of the adequacy of the assurances with the original completion date in mind. That's my problem, and I think that's just... I'm just repeating Judge Dyke's question. I understand the court's concern. The contracting officer explained that he had zero confidence in completion of Phase 2 because the contractor, the mechanical contractor, B&K, walked off the job May 2nd... But he, too, was referring to the original completion date. The point I'm trying to make clear is that there was no point forward, no path forward. There was no mechanical subcontractor lined up. There was no roofing contractor for the work in Phase 3 that had been hired, and therefore, there was no path forward. Your argument is that the project was becalmed. It was just sitting there. No one was doing any work. It didn't look like there was any progress now or any idea for going forward. Therefore, it didn't matter how long the completion... That is essentially... Essentially, your argument on the non-completion date-based termination. That is the facts that the contracting officer testified to. In terms of contract interpretation, what our argument is is that the court must look to the entire contract, and the phases that were in Amendment 6 to the solicitation are indeed the phases for the work that were in the original contract schedule that was approved by the government. But what the other provisions of the contract provide is that if the contractor falls behind, then the contractor has a duty to make up time. And that's stated in FAR 52.236-15, which is quoted at length in the and it is the cause of the delay in Phase 1, then the contractor has to make up time. And the contractor, AWI, understood this because, as the court pointed out in that letter in December of 2013, the contractor, AWI, stated, we'll make up time in Phase 3 by working more shifts. The court made no determination as to whose fault the extended deadline for Phase 2 was attributable to, right? There was no determination by the board that the 129-day extension that was granted was the result of the contractor fault or the government fault. Correct, correct. And the problem was that during... Are you... See, I find your argument a little troubling in the sense you don't seem to be defending what the board said, which, as I understand it, with respect to the 129-day extension is that they never asked for it in accordance with the contract requirements. Do you agree with that? Yes, yes, that is indeed part of our argument because there's another provision of the contract that deals with extension of the contract completion date. And that's quoted in our brief pages 33 to 34. We quote that provision. And what the board found is, number one, there wasn't a request that included information demonstrating that there was a delay to the critical path and that the government was responsible for delays on the critical path. And therefore, AWI never demonstrated any entitlement to an extension of the contract completion date. Therefore, the contract completion date remained as it was in the contract. It was July 28th, 2014. Did they ever make a request for the 129 days, even without a critical path analysis? Your Honor, I would point the court to there's a letter, April 24th, 2014. It would be in the appendix 2887. It is not a request for an extension of time, but it is a statement by AWI that they will not achieve substantial completion until November 22nd, 2014. And that this is 136 days beyond the date. I think that's perhaps what the court was referring to and what opposing counsel was referring to. It's not a formal request. It's just a statement that... Do you think the contracting officer was obligated to treat this as a formal request? I think the way to answer that is that there wasn't a request for an extension of phase two. And the contracting officer rejected that request for an extension of phase two, specifically rejected that. The contracting officer... No, no. This document says we'll be 136 days behind schedule. My question is, did the contracting officer have to treat that as a time extension request? The contracting officer did respond... No, no. Please answer. Yes. Did the contracting officer have to treat that as a time extension request or not? Well, I guess I'm not sure, but I think you could assume that he did because he denied it. Denied? Where did he deny it? Okay. On May 30th, 2014, in the appendix page 2914 to pages 2915, the contracting officer sends a letter and it says that the VA does not agree that AWI is entitled to a time extension of 136 days. So yes, the court is correct that he did treat that as a time extension. He denied it. May 30th, 2014, page 2914 to 2915. But again, there's a finding by the board that there was never a presentation of a updated schedule and changes to the updated schedule and a showing that a delay on the critical path caused by the government entitled AWI to a time extension. That's a specific finding by the board. And so therefore, AWI was not entitled to a time extension under the contract provision. So we're relying here on the specific article for extension of the contract completion date and also on the specific provisions for 52.236-15, which states that the contractor, when he falls behind, he has to make up time. And it mentions specifically working additional shifts, working overtime, working on other days which are not work days, all ways to increase the manpower on the job and make up for the delay. Well, that would apply if there were no changes, right? But if there are changes, then the contractor has a right to say, well, these changes have obviously caused me to have to do more work. And therefore, the original completion date becomes impossible of achievement. So that's the situation in which the contractor can legitimately go into the contracting officer's office and say, we need X number of days, right? So the making up time doesn't apply in that setting, I take it. If you double the amount of work and you don't change the completion time and you say, you wouldn't be able to say, well, work double shifts. I agree. But what I would point the court to is that specific article that deals with extension of the completion date. That specific article says that you have to show delay caused by the government to the critical path. So we're back to the critical path point. Yes, we're back to the critical path. And in fact, that specific article references the changes clause, which Your Honor brought up. And it says that the time extension has to be justified under the changes clause. And it has to be justified by showing delay to the critical path caused by the government. In those circumstances, AWI would be entitled to an extension of the contract during the progress of this contract. There was also no such demonstration in the hearing before the board. And the board found that AWI had never made a properly justified request for an extension of the contract completion date. Therefore, it remained July 26, 2014. What I did want to bring out is it's our view that the most pertinent case is the AEC Corporation case. The board in this case credited the testimony of the contracting officer, where the contracting officer explained that there was no path forward. He had no confidence in the progress of the job. I would point the court to the testimony at pages 121, 122, 113, 127, 136, where the contracting officer says, from his perspective, it essentially doesn't matter whether it's December 2014 or July 2014, because there is no path forward. And the way the December 2014 date came up is it was a date used by the expert at the hearing. Thank you. Mr. Sandiford, you've got two minutes, I think it is. Thank you, Your Honor. In the government's internal, what we call the BBD memorandum, it's the best value memorandum to justify unilateral change order number four. The government essentially determined that AWI was entitled to a 129-day time extension as a part of the unilateral change order. And it says almost verbatim something to the effect of due to owner changes, design problems, different site conditions. That's what brought us all the way to May 12, 2014, for purposes of phase, the new phase two completion date. These were justified delays, excused delays. There was nothing here that prevented you from submitting a critical path analysis, right? You could have said we couldn't start phase three until we completed phase two. The phase two deadline had been extended for 129 days, so we automatically have shown a critical path analysis which requires us to get 129 days for the ultimate contract completion date. There was nothing to prevent you from doing that, right? That is correct, Your Honor. There was nothing that prevented AWI from doing that. Nevertheless, the fact remains that the government's unilateral change order number four, without a recognition of the stipulated 18 weeks for phase three and 18 weeks for phase four, essentially removed those unilaterally from the contract as well. And that's where we believe that the government went afoul. And so, their reliance on that original late July 2014 completion date renders their default termination under Lisbon incorrect. And AWI requests that the decision of the board be reversed and be rendered in its favor. Thank you, Mr. Sanford. Thank both counsel. The case is submitted.